IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GREGORY SAMUELS : CIVIL ACTION
:
v. :
:
GEORGE PATRICK, et al. : No. 06-2709

**REPORT AND RECOMMENDATION**

PETER B. SCUDERI
UNITED STATES MAGISTRATE JUDGE                         November 8, 2006

Before the court is a pro se petition for writ of habeas corpus filed pursuant to 28

U.S.C. § 2254 by Gregory Samuels ("Petitioner"), an individual currently incarcerated in

the State Correctional Institution in Houtzdale, Pennsylvania.  For the reasons that follow,

I recommend that the petition be denied.

I.      **FACTS AND PROCEDURAL HISTORY**

The following facts were determined at trial:

> On September 6, 1999, [Petitioner] attended a Philadelphia neighborhood
> block party with his girlfriend. Bathsheba Woodall (Woodall).  After the
> party, the couple began arguing about each person's relationships with
> former girlfriends and boyfriends.  The argument culminated in [Petitioner]
> shooting Woodall five [5] times while she was seated in her car.
> [Petitioner] then pushed Woodall's body from the driver's seat, made
> several telephone calls, and drove Woodall's car away.  [Petitioner]
> ultimately drove to the Philadelphia airport where he moved Woodall's
> body to the trunk of her car and boarded a flight to Jamaica.  [United States]
> Marshals apprehended [Petitioner] several months later.

Commonwealth v. Samuels, 1230 EDA 2001, at 1-2 (Pa. Super. Nov. 14, 2002).

Petitioner was tried by a jury sitting before the Honorable James A. Lineberger,

Court of Common Pleas of Philadelphia County.  On March 23, 2001, the jury found

Petitioner guilty of first degree murder and possessing an instrument of crime.  Judge
Lineberger subsequently sentenced Petitioner to life imprisonment for the murder
conviction, and a consecutive prison term of two and one-half (2 ½) to five (5) years for
the weapons conviction.

Petitioner filed a direct appeal nunc pro tunc with the Pennsylvania Superior
Court, arguing that the trial court erred in failing to instruct the jury on manslaughter and
in denying a mistrial based on the jury's alleged exposure to certain pre-trial publicity
about the case.[1]  On November 14, 2002, the Superior Court affirmed the judgments of
sentence.  Commonwealth v. Samuels, 1230 EDA 2001 (Pa. Super. Nov. 14, 2002).
Petitioner filed a request for allowance of appeal in the Pennsylvania Supreme Court,
which was denied on November 12, 2004.

Meanwhile, on November 7, 2003, Petitioner filed a pro se application for
collateral relief pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa.
Cons. Stat. Ann. § 9541 et seq.  Counsel was appointed, but on September 29, 2004,
counsel filed a no-merit letter and sought to withdraw from representation pursuant to
Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988).  On November 23, 2004, the
PCRA court granted PCRA counsel leave to withdraw and dismissed the PCRA petition
on the merits.[2]

---

[1]Petitioner was represented by the same attorney at trial and on direct appeal.

[2]The court notes that Petitioner's PCRA petition was dismissed eleven (11) days after the
Pennsylvania Supreme Court denied Petitioner's request for allowance of appeal on direct

Petitioner appealed the denial of collateral relief to the Pennsylvania Superior

Court, raising the following claims:

1.   Ineffectiveness of trial counsel for failing to properly prepare for trial;

2.   Ineffectiveness of trial counsel for failing to investigate and call witnesses;

3.   Ineffectiveness of trial counsel for failing to cross-examine Petitioenr on the stand;

4.   Ineffectiveness of trial counsel for failing to strike certain jurors;

5.   PCRA court error in allowing PCRA counsel to withdraw without raising claims of ineffectiveness of trial counsel;

6.   Ineffectiveness of trial counsel for not requesting a reasonable doubt jury instruction;

7.   Ineffectiveness of trial counsel for advising Petitioner not to take the stand;

8.   Trial court error in denying Petitioner's motion to suppress his confession;

9.   Trial court error in denying Petitioner's request to discharge trial counsel over disagreements in trial strategy; and

10.  Ineffectiveness of trial counsel for failing to impeach a prosecution witness on inconsistent statements.

Commonwealth v. Samuels, 95 EDA 2005, at 3-4 (Pa. Super. May 3, 2006).  On May 3,

---

review.  Therefore, as explained by the Pennsylvania Superior Court, any potential jurisdictional defect attributable to Petitioner's premature PCRA petition had been cured by the time the PCRA court rendered its decision.  See Commonwealth v. Samuels, 95 EDA 2005, at 3 n.3 (Pa. Super. May 3, 2006).

2006, the Superior Court affirmed the denial of PCRA relief, finding the claims to be waived, previously litigated and/or meritless.  Id.

On June 12, 2006, Petitioner filed the instant pro se petition for writ of habeas corpus, raising the following grounds for relief:[3]

1.    Ineffectiveness of trial counsel for failing to prepare for trial;

2.    Ineffectiveness of trial counsel for failing to investigate and call witnesses;

3.    Ineffectiveness of trial counsel for failing to examine Petitioner on the stand;

4.    Ineffectiveness of trial counsel for failing to strike certain jurors;

5.    Ineffectiveness of trial counsel for failing to request a reasonable doubt jury instruction;

6.    Trial court error in denying Petitioner's motion to suppress his confession;

7.    Trial court error in denying Petitioner's request to discharge trial counsel over disagreements in trial strategy; and

8.    Ineffectiveness of trial counsel for failing to impeach a prosecution witness on inconsistent statements.

_____

[3]The court notes that the reverse side of Page 10 lists claims typed upside-down and hand-numbered one (1) through four (4).  The claims numbered one (1) through four (4) on the reverse side of Page 10 are not the same as Grounds One (1) through Four (4) set forth on the front side of Page 9, and the additional claims are not cross-referenced anywhere on Page 9 (or anywhere else on the face of the petition), nor are they developed in a brief.  Presumably for this reason, Respondents addressed only the four (4) claims presented on Page 9 of the petition. However, in an effort to give pro se Petitioner the benefit of the doubt, I will address all eight (8) claims – that is, the four (4) claims properly presented on the face of the petition, as well as the four (4) claims set forth on the reverse side of Page 10.

See Petition at 9.  On October 20, 2006, Respondents filed an Answer arguing that Petitioner is not entitled to relief.

## II.   STANDARD OF REVIEW

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), which became effective on April 24, 1996, increased the deference federal courts must give to the factual findings and legal determinations of the state courts.  Woodford v. Visciotti, 537 U.S. 19, 24 (2002); Werts v. Vaughn, 228 F.3d 178, 196 (3d Cir. 2000) (citing Dickerson v. Vaughn, 90 F.3d 87, 90 (3d Cir. 1996)).  Pursuant to 28 U.S.C. § 2254(d), as amended by the AEDPA, a petition for habeas corpus may only be granted if (1) the state court's adjudication of the claim resulted in a decision contrary to, or involved an unreasonable application of, "clearly established Federal law, as determined by the Supreme Court of United States;" or if (2) the adjudication resulted in a decision that was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(1)-(2).  Factual issues determined by a state court are presumed to be correct and the petitioner bears the burden of rebutting this presumption by clear and convincing evidence.  Werts, 228 F.3d at 196.

The Supreme Court expounded upon this language in Williams v. Taylor, 529 U.S. 362 (2000).  In Williams, the Court explained that "[u]nder the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a

5

case differently than [the Supreme] Court has on a set of materially indistinguishable

facts." <u>Hameen v. State of Delaware</u>, 212 F.3d 226, 235 (3d Cir. 2000) (citing <u>Williams</u>,

529 U.S. at 389-390).  The Court in Williams further stated that "[u]nder the

'unreasonable application' clause, a federal habeas court may grant the writ if the state

court identifies the correct legal principle from [the Supreme] Court's decisions but

unreasonably applies that principle to the facts of the prisoner's case."[4]  <u>Id.</u>

## III.   DISCUSSION

### A.   Ineffective Assistance of Trial Counsel

Petitioner raises six (6) claims of ineffectiveness of trial counsel.  Claims of

ineffective assistance of counsel are governed by <u>Strickland v. Washington</u>, 466 U.S. 668

(1984).  In <u>Strickland</u>, the United States Supreme Court set forth the standard for a

petitioner seeking habeas relief on the grounds of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance
> was deficient.  This requires showing that counsel made errors
> so serious that counsel was not functioning as the "counsel"
> guaranteed the defendant by the Sixth Amendment.  Second,
> the defendant must show that the deficient performance
> prejudiced the defense.  This requires showing that counsel's
> errors were so serious as to deprive the defendant of a fair

---

[4]The "unreasonable application" inquiry requires the habeas court to "ask whether the state court's application of clearly established federal law was objectively unreasonable." <u>Hameen</u>, 212 F.3d at 235 (citing <u>Williams</u>, 529 U.S. at 388-389).  "In further delineating the 'unreasonable application of' component, the Supreme Court stressed that an unreasonable application of federal law is different from an incorrect application of such law and a federal habeas court may not grant relief unless that court determines that a state court's incorrect or erroneous application of clearly established federal law was also unreasonable."  <u>Werts</u>, 228 F.3d at 196 (citing <u>Williams</u>, 529 U.S. at 389).

trial, a trial whose result is reliable.

Id. at 687.  Because "it is all too easy for a court, examining counsel's defense after it has

proved unsuccessful, to conclude that a particular act or omission of counsel was

unreasonable," a court must be "highly deferential" to counsel's performance and

"indulge a strong presumption that counsel's conduct falls within the wide range of

reasonable professional assistance."  Id. at 689.  In determining prejudice, "the question is

whether there is a reasonable probability that, absent the errors, the factfinder would have

had a reasonable doubt respecting guilt."  Id. at 695.

### 1.      Ground One (1): Ineffectiveness of Trial Counsel for Failing to Prepare for Trial

Petitioner first argues that trial counsel was ineffective for failing to prepare for

trial.  In addressing this claim on collateral appeal, the Pennsylvania Superior Court

adopted the reasoning of the PCRA court, which stated in relevant part:

> Petitioner's first claim is that trial counsel was ineffective for failing to
> properly prepare for trial.  However, except for this broad allegation,
> Petitioner has not provided . . . any factual or legal support for his claim.
>
> * * * *
>
> Not only did he fail to indicate how counsel failed to properly prepare for
> trial, the record belies this allegation.  Trial counsel litigated a suppression
> motion, however, the evidence was overwhelming against Petitioner.
> Petitioner has failed to demonstrate that the underlying claim would have
> been of arguable merit or what prejudice, if any, he suffered as a result of
> counsel's alleged failure to prepare.

PCRA Court opinion, attached to Answer at Exhibit "C," at 3.  Accordingly, the PCRA

court dismissed this claim as frivolous.  Id.

I find that the decision of the state courts is neither contrary to, nor an unreasonable application of, Strickland.  In the present habeas petition, Petitioner argues that he did not see trial counsel until the morning of trial; he was unaware of any trial strategy; and counsel stated that he would conduct the trial as he saw fit, without discussion.  See Pet. at 9.  Petitioner presents no evidence to support these allegations.  However, even if the court were to accept Petitioner's unsubstantiated claims at face value (which the court does not, particularly in light of counsel's attempt to suppress Petitioner's confession), this would not compel a finding that counsel performed deficiently.  For example, the strategy employed by trial counsel may have been superlative, even if he did not discuss it with Petitioner in any detail.

In any event, I agree with the state court that Petitioner has failed to show that he was prejudiced by any alleged deficient preparation on the part of trial counsel.  See Strickland, 466 U.S. at 687 (stating ineffective assistance of counsel requires showing of both deficiency and prejudice).  The trial court found Petitioner's confession to be voluntary and thus admitted it into evidence.  In addition, Petitioner admitted to McIntosh, his friend, that he shot the victim; and after the shooting, Petitioner hid the victim's body in the trunk of a car and fled to Jamaica.  Given this overwhelming evidence of guilt, no prejudice could be derived from trial counsel's alleged failure to properly prepare for trial.  As a result, I find Petitioner is not entitled to relief on this

claim.

**2.      Ground Two (2): Ineffectiveness of Trial Counsel for Failing to Investigate and Call Witnesses**

Petitioner also argues that trial counsel was ineffective for failing to investigate and call witnesses.  Respondents counter that the claim is barred from federal habeas review by operation of the independent and adequate state ground doctrine.  This doctrine provides that where a petitioner has presented his claims in the Pennsylvania state courts, federal courts will not review a state court decision involving a question of federal law if the state court decision is based on state law, *even a state procedural law*, that is independent of the federal question and adequate to support the judgment.  Coleman v. Thompson, 501 U.S. 722, 727-31 (1991).  As the Supreme Court has explained, the application of the independent and adequate state ground doctrine is grounded in concerns of comity and federalism:

> In the absence of the independent and adequate state ground doctrine in federal habeas, habeas petitioners would be able to avoid the exhaustion requirement by defaulting their federal claims in state court.  The independent and adequate state ground doctrine ensures that the States' interest in correcting their own mistakes is respected in all federal habeas cases.

Edwards v. Carpenter, 529 U.S. 446, 452 (2000) (citing Coleman, 501 U.S. at 732); see also Doctor v. Walters, 96 F.3d 675, 684 (3d Cir. 1996) (holding state rule of procedure is "adequate" if it is firmly established and applied with some consistency at the time the alleged default occurs in state court).

9

Here, the Pennsylvania Superior Court found on collateral appeal that Petitioner waived this claim by failing to include it in his Statement of Matters Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). Commonwealth v. Samuels, 95 EDA 2005, at 8-9 (Pa. Super. May 3, 2006). Under Pennsylvania law, any issues not raised in a Rule 1925(b) statement are deemed waived. Commonwealth v. Snyder, 870 A.2d 336, 340 (Pa. Super. 1998). Moreover, Rule 1925(b) has been consistently applied by the state courts since at least 2001 – three (3) years before Petitioner filed his 1925(b) statement. See Adams v. Kyler, 2005 WL 1041191, at *2 (E.D. Pa. 2005) (J. Shapiro) (indicating 1925(b) not consistently applied in Pennsylvania in cases decided through 2001). As a result, I conclude that the failure to comply with Rule 1925(b) results in the default of his claim.

A habeas petitioner who has defaulted a federal claim in state court meets the technical requirements for exhaustion because there are no state remedies any longer "available" to him. Coleman, 501 U.S. at 732. Although I find that Petitioner has satisfied the technical requirements for exhaustion, I nevertheless find that the claim is procedurally defaulted. In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to a state procedural rule, federal habeas review of the claims is barred unless the petitioner "demonstrate[s] cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate[s] that failure to consider the claims will result in a fundamental miscarriage of justice." Id. at 750.

10

The issue of cause "ordinarily turn[s] on whether the prisoner can show that some objective factor external to the defense impeded [his] efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). Prejudice means that the errors at trial "worked to [petitioner's] actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Id. at 494. Finally, the "miscarriage of justice" exception generally requires new evidence of actual innocence. Schlup v. Delo, 513 U.S. 298 (1995).

Here, Petitioner makes no attempt to show cause and prejudice for any potential default, nor does he present any evidence that the failure to consider this claim will result in a fundamental miscarriage of justice. Therefore, I conclude that I am barred from considering this defaulted claim by operation of the independent and adequate state ground doctrine.[5]

### 3.   Ground Three (3): Ineffectiveness of Trial Counsel for Failing to Examine Petitioner On the Stand

Petitioner also argues that trial counsel was ineffective for failing to "cross-

---

[5]Even were I to reach the merits of this claim, I would find that Petitioner is not entitled to relief. To prevail in a claim that counsel was ineffective for failing to call a witness, a petitioner must show that the witness existed; the witness was available and willing to testify for the defense; counsel knew or should have known of the existence of the witness; and that the absence of the testimony was so prejudicial as to have denied a fair trial. Commonwealth v. Smith, 675 A.2d 1221, 1230 (Pa. 1996). Here, Petitioner identified two (2) possible witnesses, his mother and a man named "Barry," who allegedly was a former boyfriend of the victim. However, assuming these witnesses were known to trial counsel and that they were available and willing to testify at trial, Petitioner offers no indication of the substance of the testimony, nor can he show that the absence of their testimony prejudiced him. Therefore, Petitioner would not be entitled to relief under Strickland.

examine" Petitioner on the stand during trial. Respondents counter with the same argument raised in response to the previous claim, namely, that federal habeas review is foreclosed by operation of the independent and adequate state ground doctrine.

On collateral review, the Pennsylvania Superior Court found that Petitioner waived this claim because he failed to include it in his Rule 1925(b) statement. As previously explained, the state court's waiver determination constitutes an independent and adequate state ground resulting in a default of this claim, and Petitioner has presented no evidence to overcome the default. Accordingly, I find that I am barred from considering this claim.[6]

### 4.    Ground Four (4): Ineffectiveness of Trial Counsel for Failing to Strike Certain Jurors

Petitioner also argues that the PCRA court erred in dismissing his claim that trial counsel was ineffective for failing to strike certain jurors. In addressing this claim on collateral appeal, the PCRA court stated in relevant part:

Petitioner's [next] claim is that trial counsel was ineffective for failing to

---

[6]Even were I to reach the merits of the claim, I would find that Petitioner is not entitled to relief. As Petitioner clearly indicates, he elected to testify at trial over the advice of his own trial counsel. In light of the fact that Petitioner confessed to the police that he killed the victim, and admitted to witness Enol McIntosh that he shot the victim, it was entirely reasonable for trial counsel to fear that Petitioner intended to lie under oath. As the Supreme Court has held, an attorney is not required to suborn perjury in order to effectively represent a criminal defendant. Nix v. Whiteside, 475 U.S. 157 (1986). In any event, Petitioner fails to explain how trial counsel impeded his ability to present his version of events to the jury, particularly in light of the fact that Petitioner testified that he did not shoot the victim, and did not intentionally or accidentally kill the victim. (N.T. 03/22/01, 115-142). For these reasons, Petitioner would not be entitled to relief under Strickland.

> strike a juror that Petitioner did not like and requested to be struck from the panel.  Again, except for this broad allegation, Petitioner has not provided this Court with any factual or legal support for his claim. . . .  Petitioner does not identify the juror that he requested to be struck, nor does he advance any reason as to why this alleged juror should have been removed.  More importantly, Petitioner has failed to show how he was prejudiced by counsel's strategy in jury selection.

PCRA Court opinion, attached to Answer at Exhibit "C," at 5-6.  The Pennsylvania Superior Court adopted the reasoning of the PCRA court, even though Petitioner had by that time identified two (2) jurors (Numbers 6 and 17) that he allegedly found to be problematic.  Commonwealth v. Samuel, No. 95 EDA 2005, at 9-10 (Pa. Super. May 3, 2006).

I find that the decision of the state courts is neither contrary to, nor an unreasonable application of, Strickland.  In the present habeas petition, Petitioner again alleges that counsel should have struck Juror Number 6 and Juror Number 17 – the former because he lived at a known Jamaican hang-out that Petitioner visited frequently, and the latter because the juror resided near an intersection where Petitioner worked.[7]  See Pet. at 9-10.  Petitioner's belief that the jurors in question may have been biased is pure speculation, and in any event, his case did not involve Jamaican drug dealers or violence perpetrated by Jamaicans on non-Jamaicans.  More importantly, Petitioner's assertion that he asked trial counsel to exercise peremptory challenges against the jurors in question is

---

[7]In his pro se collateral appeal, Petitioner also argued that counsel should have inquired as to whether the jurors were prejudiced against Jamaicans because they lived in an area he described as being populated with Jamaicans involved in drug activity.  Petitioner, the victim and witness McIntosh are all Jamaican, and Petitioner fled to Jamaica after the murder.

refuted by the trial transcript.  Prior to giving the final jury instructions, Judge Lineberger

engaged in a colloquy with Petitioner in which he specifically asked, "Is there anything

about the trial you told your attorney that was not done?", to which Petitioner answered,

"No."  (N.T. 3/23/01, at 12-13).  Because there is no evidence suggesting that trial

counsel performed deficiently in selecting the jury, Petitioner is not entitled to relief on

this claim.[8]

### 5. Ground Five (5): Ineffectiveness of Trial Counsel for Failing to Request a Reasonable Doubt Jury Instruction[9]

Petitioner also argues that trial counsel was ineffective for failing to request a

reasonable doubt jury instruction.  Petitioner did not raise this claim on direct appeal, nor

did he raise it in his PCRA petition.  Although Petitioner raised the claim in his collateral

appeal to the Pennsylvania Superior Court, the Superior Court failed to review the claim

based upon a state procedural bar, namely, that Petitioner waived the claim by failing to

present it before the PCRA court.  Commonwealth v. Samuel, No. 95 EDA 2005, at 9-10

(Pa. Super. May 3, 2006) (citing Commonwealth v. Lauro, 819 A.2d 1000 (Pa. Super.

2003)); see also 42 Pa. Con. Stat. Ann. § 9543 (requiring PCRA petitioner to prove that

allegation of error has not been waived); Pa. Rule App. Proc. 302 ("Issues not raised in

---

[8]Because Strickland requires a showing of *both* deficient performance *and* prejudice, it is not necessary to address the second prong when the first prong is not met.  See 466 U.S. at 687. Nevertheless, the court notes that Petitioner has failed to show any prejudice resulting from jury selection in this case.

[9]This claim is presented in the petition as Ground #1 on the reverse side of Page 10.

14

the lower court are waived and cannot be raised for the first time on appeal").  Because the state waiver rule is consistently and regularly applied, this claim is defaulted.  See Neely v. Zimmerman, 858 F.2d 144 (3d Cir. 1988) (Pennsylvania's waiver requirement is an "independent and adequate" state procedural ground for denying a claim).

As previously explained, a habeas petitioner who has defaulted his federal claim in state court meets the technical requirements for exhaustion because there are no state remedies any longer "available" to him.  Coleman, 501 U.S. at 732.  Although I find that Petitioner has satisfied the technical requirements for exhaustion, I nevertheless find the claim to be procedurally defaulted by operation of the independent and adequate state ground doctrine.  Because Petitioner fails to show cause and prejudice for the default of this claim, and fails to present any evidence that failure to consider this claim will result in a fundamental miscarriage of justice, I am barred from considering the claim.

6.      **Ground Eight (8): Ineffectiveness of Trial Counsel for Failing to Impeach a Prosecution Witness on Inconsistent Statements**[10]

Petitioner also argues that trial counsel was ineffective for failing to impeach a prosecution witness on inconsistent statements.  As with the previous claim, Petitioner first raised this claim on appeal from the denial of his PCRA petition, at which time the Pennsylvania Superior Court found the claim to be waived.  Commonwealth v. Samuel, No. 95 EDA 2005, at 9-10 (Pa. Super. May 3, 2006).  Therefore, for the same reasons previously discussed, I am barred from considering this procedurally defaulted claim by

_____

[10]This claim is presented in the petition as Ground #4 on the reverse side of Page 10.

15

operation of the independent and adequate state ground doctrine.

**B.      Ground Six (6): Trial Court Denial of Suppression Motion**[11]

Petitioner also argues that the trial court erred in denying a motion to suppress his confession, which he alleges was obtained by force and coercion.  In addressing this claim on collateral appeal, the PCRA court stated the following:

> [Petitioner] claims the trial court erred when it denied his pre-trial motion to suppress his confession.  To be eligible for relief under the PCRA, a petitioner must plead and prove that the allegation of error has not been previously litigated or waived.  42 Pa.C.S.A. § 9543(a)(3).  The petitioner has waived the issue if he could have raised it but failed to do so before trial, at trial, or on direct appeal.  Commonwealth v. Brown, 872 A.2d 1139 (Pa. 2005); 42 Pa.C.S.A. § 9544(b).  Allegations of trial court error can be raised on direct appeal. [Commonwealth v. Bryant, 855 A.2d 726 (2004).]
>
> [Petitioner] has framed his allegation under the rubric of trial court error.  As such, he could have raised the issue in his direct appeal nunc pro tunc, but failed to do so.  Therefore, [Petitioner] has waived [this issue] for purposes for collateral review.

Commonwealth v. Samuel, No. 95 EDA 2005, at 11 (Pa. Super. May 3, 2006).

Once again, I find the state court determination that Petitioner waived this claim operates to bar federal habeas review by operation of the independent and adequate state ground doctrine.  As explained by the state court, under Pennsylvania law, allegations of trial court error can be raised on direct appeal and, if such claims are not raised at that time, they are deemed waived.  See Brown, 872 A.2d 1139; 42 Pa.C.S.A. § 9544(b). Given this clear and consistently applied rule – and given that Petitioner herein raises the

---

[11]This claim is presented in the petition as Ground #2 on the reverse side of Page 10.

same claim of trial court error raised before the Pennsylvania Superior Court on collateral appeal – I find the claim to be procedurally defaulted.  Moreover, for the reasons previously set forth, I find that Petitioner has not overcome the default of this claim with any evidence of cause of prejudice, or that the court's failure to consider the claim will result in a fundamental miscarriage of justice.  Therefore, I conclude that I am barred from considering this defaulted claim.[12]

**C.    Ground Seven (7): Trial Court Denial of Request to Discharge Trial Counsel[13]**

Petitioner also argues that the trial court erred in dismissing his request to discharge counsel prior to trial over trial strategy and preparation.  In addressing this claim on collateral appeal, the PCRA court stated the following:

> [Petitioner] alleges the trial court denied his oral motion during jury selection to dismiss trial counsel because of disagreements over trial preparation and strategy.  [Petitioner] claims his on-the-record request was not included in the trial transcript.  To support his allegation, [Petitioner] requested the trial transcripts be amended to reflect his oral motion to the trial court.  [Petitioner] argues the trial court erred when it denied [his] request to dismiss trial counsel.  We disagree.
>
> An allegation is deemed waived if the petitioner could have raised it but

---

[12]Even were I to reach the merits of this claim, I would find that Petitioner is not entitled to relief.  The trial court held a lengthy hearing on Petitioner's motion to suppress, during which the court obtained testimony from Petitioner and the appropriate detective.  (N.T. 3/20/01, 57-100).  As trial counsel correctly noted during closing argument on the suppression motion, the motion turned on "the credibility of both witnesses."  (N.T. 3/10/01, 98).  The trial court then denied the motion. " (N.T. 3/10/01, 100).  Simply stated, there is nothing in the record to suggest that this determination deprived Petitioner of any constitutional right.

[13]This claim is presented in the petition as Ground #3 on the reverse side of Page 10.

failed to do so before trial, at trial, or on direct appeal.

* * * *

[Petitioner] raises his allegation under the rubric of trial court error.  As such, [Petitioner] should have raised his claim on direct appeal from his judgment of sentence.  Having failed to do so, [Petitioner] has waived this claim of trial court error.

Second, [Petitioner] concedes his alleged oral motion for dismissal of trial counsel was made off the record.  Therefore, the trial transcript would not reflect this purported off-the-record colloquy, nor can it be amended to do so.

Third, the certified record belies [Petitioner's] underlying claim that he should have been allowed to dismiss trial counsel due to an alleged disagreement with counsel regarding trial strategy.  At no point before, during, or after trial did [Petitioner] present a record motion to have trial counsel removed.  Moreover, the trial court conducted the following colloquy with [Petitioner] prior to giving jury instructions:

THE COURT:　　　　　Mr. Samuels [Petitioner], I neglected to ask you if there were any additional witnesses that you wanted to be called at trial that were not called.

THE DEFENDANT:　　No, Your Honor.

THE COURT:　　　　　Were there any witnesses you told your attorney about that were not called?

THE DEFENDANT:　　No.

THE COURT:　　　　　Is there anything about the trial you told your attorney to do that was not done?

THE DEFENDANT:　　No.

THE COURT:　　　　　You took the stand after he advised you not to, did you not?

18

THE DEFENDANT:        Yes, I did.

(N.T. 3/23/01, 12-13).  Significantly, [Petitioner] allowed trial counsel to continue to represent [Petitioner] on appeal <u>nunc pro tunc</u> from his judgment of sentence.  Therefore, [Petitioner's] issue entitles him to no relief.

<u>Commonwealth v. Samuel</u>, No. 95 EDA 2005, at 11-13 (Pa. Super. May 3, 2006)

(citations to state law and state record omitted).

For the same reasons set forth in the preceding claim, I find that this claim is procedurally defaulted by operation of the independent and adequate state ground doctrine, and that Petitioner has not overcome the default.  Nevertheless, were I to reach the merits of the claim, I would agree with the alternative determination of the state court that Petitioner is not entitled to relief.  Setting aside the fact that there is no record of his oral motion to dismiss trial counsel, two (2) facts completely undermine the merits of Petitioner's claim: First, during the colloquy with the trial judge, Petitioner unequivocally stated that he had no problems with trial counsel's performance during the trial; and second, Petitioner elected to keep the same attorney for the duration of his direct appeal. In other words, not only is there no evidence that Petitioner moved to have counsel dismissed, but all of the objective evidence suggests that the trial court would have had no basis whatsoever for granting such a motion.  As a result, even were I to reach the merits of this claim, I would find that Petitioner is not entitled to relief.

Therefore, I make the following:

# R E C O M M E N D A T I O N

AND NOW, this 8th  day of November, 2006, IT IS RESPECTFULLY

RECOMMENDED that the petition for a writ of habeas corpus filed pursuant to 28

U.S.C. § 2254 be DENIED.  There has been no substantial showing of the denial of a

constitutional right requiring the issuance of a certificate of appealability.


/s/Peter B. Scuderi
PETER B. SCUDERI
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GREGORY SAMUELS                    :        CIVIL ACTION
                                   :
            v.                     :
                                   :
GEORGE PATRICK, et al.             :        No. 06-2709

## O R D E R

AND NOW, this        day of                    , 200     , upon

careful and independent consideration of the petition for a writ of habeas corpus filed

pursuant to 28 U.S.C. § 2254, and Respondents' answer thereto, and after review of the

Report and Recommendation of United States Magistrate Judge Peter B. Scuderi, and any

objections made thereto, IT IS ORDERED that:

    1.  The Report and Recommendation is APPROVED and ADOPTED.

    2.  The petition filed pursuant to 28 U.S.C. § 2254 is DENIED.

    3.  There is <u>no</u> basis for the issuance of a certificate of appealability.

BY THE COURT:

_____

LEGROME D. DAVIS, J.